# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAIME LARA, <br><br> Defendant. | CASE NO. 1:14-CR-00188 LJO-SKO <br><br> MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) <br><br> (ECF No. 65) |

Defendant Jaime Lara moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582"), in accordance with section 1B1.10(b)(1) of the United States Sentencing Guidelines ("USSG" or "Guidelines") and Amendment 782[1] to the USSG. (ECF No. 65.) The Government filed an opposition to Defendant's § 3582 motion. (ECF No. 67.) Defendant did not file a reply. Upon a thorough review of the parties' briefing, the record in the case, including the Probation Office's Presentence Investigation Report ("PSR"), and the relevant law, the Court DENIES Defendant's § 3582 motion.

---

[1] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014) ("Amendment 782").

## I. BACKGROUND

On November 23, 2015, Defendant pled guilty to one count of conspiracy to distribute and/or possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (ECF Nos. 11 (Indictment); 47 (PSR).)

According to the PSR, Defendant's offense involved 11.79 kilograms of actual methamphetamine, which corresponds to a base offense level of 38 under USSG § 2D1.1(c). (PSR ¶ 17.) However, he qualified for a 4-level reduction in his base offense level due to his minor role in the offense pursuant to USSG §2D1.1(a)(5)(A). (*Id.* ¶ 18.) His criminal history category was determined to be I. (*Id.* ¶ 64). Defendant's offense level was reduced by two additional levels pursuant to USSG § 3B1.2 (Mitigating Role), but increased by two levels for possession of a firearm pursuant to USSG § 2D1.1, comment (n.11). (PSR ¶¶ 19-20.) Pursuant to §§ 3E1.1(a) and (b), Defendant also qualified for a 3-level base offense level reduction for acceptance of responsibility, bringing his total offense level to 31. (*Id.* ¶¶ 27-28.) The PSR, which cited the 2015 Guidelines manual (incorporating all Guideline amendments), found that the Guidelines range for a defendant with an offense level of 31 and a criminal history category I was 108 to 135 months imprisonment. (*Id.* ¶ 52.) The PSR recommended that the Court sentence Defendant to 120 months imprisonment. (*Id.* at 13.)

On March 7, 2016, this Court sentenced Defendant to 57 months imprisonment, a below Guidelines sentence. (ECF Nos. 53, 54.)

## II. STANDARD OF DECISION

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and

chemical quantity tables across drug and chemical types. *See* Amendment 782. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* USSG, sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

### III. DISCUSSION

By his motion, Defendant requests that the Court reduce his sentence pursuant to Amendment 782. (ECF No. 65.) In its opposition, the Government points out that the PSR used in Defendant's sentencing incorporated the November 1, 2015 version of the Guidelines, and that

Defendant's Guidelines range was therefore calculated pursuant to the amended Guidelines. (ECF No. 67 at 1-2.)

This Court sentenced Defendant on March 7, 2016. (ECF Nos. 53, 54.) Defendant's PSR, filed with the Court on February 16, 2016, clearly states that it utilized the 2015 Sentencing Guidelines Manual, and incorporated all Guideline amendments to determine Defendant's offense level. (PSR ¶ 15.) Amendment 782 became effective on November 1, 2014. USSG § 1B1.10(d) (2014). Therefore, Defendant already received the benefit of Amendment 782 at the time of his sentencing. Moreover, the drug quantity at issue in Defendant's case was in excess of 4.5 kilograms of actual methamphetamine, and therefore was unaffected by Amendment 782. *Id.* The Court further notes that it sentenced Defendant to a 57-month term of imprisonment, which is below the applicable amended Guidelines range. Defendant is not eligible for a reduction in his sentence.

Based on the foregoing, the Court finds that Defendant is not eligible for a sentence reduction under § 3582(c) because he was sentenced pursuant to the amended Guidelines and given a sentence below the amended Guidelines range. *See id.* As Defendant is not eligible for a sentence reduction, the Court may not proceed to the second half of the two-part inquiry set forth in *Dillon*. *See Dunn*, 728 F.3d at 1155.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Jaime Lara's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

IT IS SO ORDERED.

Dated: **December 12, 2017**        /s/ Lawrence J. O'Neill
                                                                          UNITED STATES CHIEF DISTRICT JUDGE